# Commonwealth *v.* Lawrence, Appellant.

*Criminal law — Murder — Killing in perpetration of robbery — Possession of money by victim—Evidence—Competency—Inference—Motive, opportunity, etc.*

1. Facts necessary to be known to explain or introduce a fact in issue, or from which an inference may be drawn, having a bearing on the fact in issue, or which afforded opportunity for the occurrence of such fact, are deemed relevant in so far as necessary for the respective purpose.

2. On the trial of an indictment for murder committed in the perpetration of a robbery it is proper for the Commonwealth to show that the murdered man had in his possession, or had just received, a sum of money, at the time of the crime.

3. Also evidence as to custom or habit of deceased to secure money from the bank and take it to an office to pay wages, is competent.

4. Such testimony showing motive, opportunity or circumstances enabling defendant later to commit the crime, is relevant.

*Criminal law—Murder—Conspiracy to rob—Weapon—Evidence —Separate trial—Confessions.*

5. Where the Commonwealth has proved a combination to rob, and that a gun was to be procured, statements of the other conspirators as to how the gun was procured, are admissible against a conspirator separately tried, even if such statements were not made in his presence.

6. In such case, the Commonwealth may also bring into court for identification the other persons connected and associated with defendant in the crime; this is not limited to merely placing their names on the record.

7. Where one of several conspirators is being separately tried for murder, confessions of other conspirators which had been read to him and to which he had assented, are admissible in evidence.

8. Where the defendant charged with murder in the commission of a robbery is shown to have had a revolver in his possession at the time, such weapon may be offered in evidence, although the killing was not in fact committed by defendant.

9. Where the killing and robbery occurred practically at the same time, it is not error for the court to charge that if the killing occurred in the perpetration of a robbery, whether before or thereafter, it was all part of the robbery and incident to it, and would be murder of the first degree.

*Criminal law—Murder—Locus—Evidence.*

10. Where an indictment for murder charges that the killing was done in a county named, a conviction is conclusive, in the absence of uncontradicted evidence to the contrary, that the crime was committed where it was charged to have been done in the indictment, for the verdict includes such a finding.

*Criminal law—Murder—Charge—Degree—Leaving question of degree to jury.*

11. A judge in a murder trial may express his personal feelings about the degree, if he does not attempt to decide the case and leaves the jury free to act in the determination of the degree of the crime.

Argued November 24, 1924. Appeal, No. 352, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., May T., 1923, No. 66, on verdict of murder of the first degree, in case of Commonwealth v. Andrew Lawrence. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*M. B. Elwert,* with him *C. Stuart Patterson, Jr.,* for appellant, cited: Com. v. Fellows, 212 Pa. 297.

*Maurice J. Speiser,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Morrison, 266 Pa. 223; Com. v. Lessner, 274 Pa. 108.

OPINION BY MR. JUSTICE KEPHART, January 5, 1925:

Andrew Lawrence, this appellant, with Joseph Trinkle and others, murdered John C. Emgable, vice-president of

the Fred A. Havens Company, while he was taking the payroll from the bank to the office. We need not recite the facts, as they are in substance the same as those noted in Commonwealth v. Trinkle, 279 Pa. 564, and our examination of the present record shows all the elements of first degree murder. This defendant, by his confession, admitted participation in the crime, but seeks on this appeal to secure another trial because of alleged mistakes in the court below.

The murder occurred as a result of a holdup, and one of the facts in issue was that the assault on Emgable was made for the purpose of securing money. It is proper, in a homicide case, for the Commonwealth to show the murdered man had in his possession, or had just received, a sum of money. As explanatory of the deceased's movements on this particular morning, and to show opportunity for the conspirators to plan and commit the crime through their knowledge of his former acts, thus furnishing facts on which motive could be predicated, as well as to establish the time, place and circumstances of the crime, evidence as to custom or habit of the deceased to secure money from the bank on Friday and take it to the company offices to pay wages was competent. It shows a series of circumstances which enabled the conspirators to plan the robbery, and, in selecting Emgable as the one to be robbed, the time and place were mere matters of detail. Evidence as to custom or habit, having no direct relation to a crime, involving acts with which defendant has no connection, ordinarily is not admissible; but testimony showing motive, opportunity or circumstances enabling the culprits to later commit the crime is relevant. Facts supplying motive and opportunity may be shown in connection with other evidence: Com. v. Morrison, 266 Pa. 223; Moyer v. Com., 98 Pa. 338, 349; Brown v. Com., 76 Pa. 319; Com. v. Clemmer, 190 Pa. 202. Facts necessary to be known to explain or introduce a fact in issue, or from which an inference may be drawn, having

a bearing on the fact in issue, or which afforded opportunity for the occurrence of such fact, are deemed relevant in so far as necessary for the respective purpose. The evidence objected to shows in detail connection with the object and purpose of the crime.

The Commonwealth proved a combination to rob. This evidence established the fact that an agreement had been reached by those engaged in it, including this defendant, to hold up the paymaster, and for this pur-pose a gun was to be procured to frighten or to kill if necessary. This gun was subsequently bought and used. It was identified, as well as the place where and the person from whom purchased. Defendant, being tried alone, objected to statements detailing conversation had with the other defendants in his absence relative to the purchase and use of this gun. He admitted his part in the robbery, was in the car outside when the gun was purchased, having contributed five dollars for that purpose, and the gun was identified as the one which was used to kill Emgable. The conversations objected to concerned the purchase of the gun, sawing off a part of the barrel, the identification of the piece sawed off and the gun from which it was sawed.

Before such evidence may be introduced, the existence of the conspiracy must be shown to the satisfaction of the trial court. The conspiracy having been proved, everything said or done by one of the conspirators in the execution or furtherance of the common purpose is deemed to have been said or done by all, and is admitted as a relevant fact against each: Com. v. Spardute, 278 Pa. 37, 49; Com. v. Biddle, 200 Pa. 640, 645; Burns and Stevenson v. McCabe, 72 Pa. 309, 315. The statements of Trinkle and McManus in relation to the purchase and use of the gun were admissible against this defendant.

After the authorities succeeded in apprehending the perpetrators of the crime, each made confession separately, and each demanded and was granted separate trial. It was necessary, however, in all cases, that the

Commonwealth's proof should cover the crime in its entirety; the case of one defendant could not be so segregated that the prosecution would be restricted in its offer of evidence to matters directly relating solely to that defendant. The jury was entitled to have a complete picture of the crime, with all attending circumstances. Therefore, when the Commonwealth, in the course of its presentation brought into court for identification the other persons connected and associated with defendant, it was clearly within its right; the district attorney was not limited to merely placing the names of the other defendants on the record.

Two of the confessions were submitted to this defendant, and he approved them, making slight, immaterial changes. The court below properly permitted them to be received in evidence. Defendant was not compelled to either read the confessions or assent in any way to their correctness. He did so assent after being warned that anything he would say would be used against him.

When Lawrence was arrested the police found a revolver in his possession. In detailing facts concerning his arrest, all of which had some connection with events succeeding the crime, the fact he had a revolver in his possession was testified to; it was produced and, though an unnecessary detail, was properly admitted in evidence.

The court below was requested to charge the jury that if "the deceased was killed by one of the participants of the robbery after the robbery was consummated, the killing would not be murder of the first degree." The court denied this request, stating if the killing occurred in the perpetration of the robbery, whether before or after the fact, it was all part of the robbery and incidental to it, and would be murder of the first degree. Murder is usually committed, in the course of a robbery, to suppress evidence as well as to avoid danger. Though the forceable stealing technically may be complete, if the homicide is committed while the actor is engaged in one

of the elements incident to the crime, as, for illustration, an escape or flight, the killing is referable to the robbery: Com. v. Morrison, supra; Com. v. Lessner, 274 Pa. 108. The evidence in this case is clear that the killing and robbery occurred practically at the same time. McManus, one of the accomplices, stated he rifled the pockets of the deceased after the shot had been fired. The assignment is without merit.

Appellant contends that no proof was offered that the crime was committed in Philadelphia County and that this fact is fatal to the Commonwealth's case; under his point for binding instructions he can take advantage of it here. The indictment charged the crime was committed in Philadelphia County, so there is no doubt the court which tried the case had jurisdiction of such an offense and the venue was the correct one. There is no such lack of jurisdiction, as laid in the indictment, that constitutes an inherent defect which consent to trial could not cure (see Mills v. Com., 13 Pa. 626; Simmons v. Com., 5 Binney 617; Dougherty v. Com., 69 Pa. 286; Com. v. Kunzmann, 41 Pa. 429); the sole question is whether an omission to prove the crime was committed in Philadelphia, as charged, is fatal to the judgment on the verdict of guilty. In the absence of uncontradicted evidence to the contrary, the conviction is conclusive the crime was committed where it was charged to have been done in the indictment, for the verdict includes such a finding: Com. v. Dubnis, 197 Pa. 542, 547; Com. v. Kaiser, 184 Pa. 493, 497. See also Com. v. Gurley, 45 Pa. 392. There is, therefore, no merit in appellant's contention. Had it affirmatively appeared, either on the face of the indictment (Com. v. Kunzmann, supra) or after the evidence was in (Simmons v. Com., supra), that the crime had been committed outside the territorial jurisdiction of the court that tried it or that the court had no power to try a case such as the one for which defendant was indicted (Dougherty v. Com., supra) or to try it at the time in which it was tried (Mills v. Com.,

supra), the question would be an entirely different one. But where the sole objection is that it does not affirmatively appear the crime was committed in the county in which the defendant is indicted and tried, the verdict of guilty cures such an omission and of its own force includes a finding to that effect. That is the rule laid down in Commonwealth v. Bubnis and Com. v. Kaiser, and it is founded in reason. As said in the latter case (p. 498), "This court recognizes, and always will fully recognize, the importance of preserving the technical rules of evidence and of legal procedure. They are the safeguards which the law has placed around the innocent, and the court will not be indulgent to a disregard of them or even to loose practice where it imperils substantial rights. But on the other hand such safeguards will not be allowed to be perverted into devices to defeat justice, and this court has set its face resolutely against trifling objections that raise no point of any real bearing on the fact of guilt or innocence......'Subtile distinctions that mark no substantial differences, and that do not affect the merits of a controversy, unless it may be to obscure or defeat them, should not be allowed to thwart justice in the interests of disorder and crime.'" As there was in the Bubnis and Kaiser cases, there is here some evidence that the crime was committed in Philadelphia. The photographs showing the place, with the same aggregate combination of streets which were mentioned, would be most improbable in more than one city, and, moreover, it was shown that immediately after the crime was committed defendant and his companions crossed the Schuylkill River on Girard Avenue and that he then left them in West Philadelphia. This identifies Philadelphia as the scene of the crime, since there had not been sufficient time after the killing for them to get there from any other place, and the locus in quo is such the court could take judicial notice of its being in Philadelphia.

The trial judge did not err in expressing his personal feeling as follows: "If you believe that the defendant, Lawrence, participated in a robbery or an attempt to commit a robbery, in my opinion there is no verdict for you to render but a verdict of murder in the first degree, and in saying that you have to take the law as you take the evidence." This was not an attempt to decide the case; the jury was left free to act, and if they believed defendant guilty they had the right and duty to fix the degree of guilt. The charge did not invade the province of the jury, and is in accord with what was held in Com. v. Lessner, supra, 114.

We are not convinced the additional and explanatory words answering defendant's second point were harmful.

We have answered all the reasons for a new trial discussed in appellant's brief. The jury rightfully found him guilty of a most atrocious murder on a defenseless citizen, and there exists no legal reason for us to interfere with the law's demand.

Judgment affirmed, and it is directed that the record be remitted for the purpose of execution.