Emery *v.* Mackiewicz, Appellant.

Argued November 15, 1967. Before BELL, C. J., MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused April 19, 1965.

*Edward E. Hosey,* with him *John H. Hibbard* and *Hugh J. McMenamin,* for appellants.

*Perry J. Shertz,* with him *Rosenn, Jenkins & Greenwald,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 19, 1968:

Plaintiff (appellee) brought a trespass action for personal injuries arising out of an automobile collision on South River Street in Wilkes-Barre on June 6, 1960. Plaintiff claimed that his automobile while stopped on River Street was hit from the rear by defendant Lampman's vehicle, which was being driven by his agent, Mackiewicz. After plaintiff had been examined, not by one but by two of his physicians, and had been advised by them of the injuries he sustained and of the prognosis, he agreed to settle for $350, and in consideration of the payment of this sum a release, under seal, was entered into and executed by all the parties, namely, by plaintiff and by the agent of the defendants. The release, dated July 22, 1960, is so important that it will be quoted at some length:

"RELEASE IN FULL

"KNOW ALL MEN BY THESE PRESENTS, That I, Robert W. Emery, for the sole consideration of three hundred and fifty dollars and 00/100 Dollars, to me in hand paid by Louis Lampman, Joseph J. Mackiewicz have released and discharged, and by these presents do for myself, my heirs, executors, administrators and assigns, release and forever discharge the said Louis Lampman, Joseph J. Mackiewicz and all other persons,

firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damage to property, *bodily injuries** or death, *resulting, or to result,* from an accident to —————— which occurred on or about the 6th day of June, 1960, by reason of accident on South River St., Wilkes-Barre, Pa., and of and for all claims or demands whatsoever in law or in equity, which I, my heirs, executors, administrators, or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof.

"IT IS UNDERSTOOD AND AGREED THAT this is a *full and final release* of all claims of every nature and kind whatsoever, *and releases claims* that are *known and unknown, suspected and unsuspected.*

. . .

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 22 day of July, 1960.

(s) Robert W. Emery     (Seal)<br>
125 N. Atherton St.<br>
Kingston, Pa.

In the Presence Of:

   (s) Michael Chup, Jr."

On August 15, 1961, over a year after plaintiff had signed the above-recited release, plaintiff commenced his present action of trespass to recover for injuries allegedly sustained in the aforesaid automobile accident on June 6, 1960. Defendants in their answer denied liability and pleaded the release as a complete defense. Plaintiff in his "reply to new matter" alleged that the release was executed while the parties were laboring under a "mutual mistake of fact" as to his injuries. Defendants then moved for a summary judgment, which was denied.

---

* Italics throughout, ours.

Plaintiff was examined on several occasions by Dr. Joseph P. Chollak and by Dr. L. W. Jones during the period between the accident and the execution of the above-recited release. Plaintiff's doctors, Dr. Jones and Dr. Chollak (who went into greater detail) testified that at the time the release was executed by the plaintiff, he was of the opinion and so informed the plaintiff that the injuries which plaintiff had suffered. consisted of a muscle strain in the area of the neck, and that a month and a half later he discovered plaintiff had a rupture of a disc and that this constituted a "separate injury" from his neck muscle injuries. Defendants (a) brought out on cross-examination that plaintiff himself was a physical therapist and was experienced in muscle building and structure and human anatomy, and (b) then produced medical evidence that the rupture of the disc was a consequence of the injuries in plaintiff's neck region, and not a separate injury in itself. Both doctors further testified that plaintiff's ball playing subsequent to the accident caused the severe pain in plaintiff's neck and disc.

At the conclusion of the jury trial, the trial Judge rejected defendants' request for binding instructions, and in his charge directed the jury to make special findings on several issues.

The jury did not bring in a verdict of the amount of damages suffered by the plaintiff, but merely made a number of special findings. The jury specially found that at the time of the execution of the above-mentioned release, plaintiff believed his only injuries were injuries to his neck and that plaintiff and defendants alike were ignorant of the existence of injury to one of plaintiff's invertebral discs. The jury further specially found that this disc injury was "separate and distinct" from the injuries to plaintiff's neck muscles, and that it was caused by the accident. From the

judgment entered on the special verdict, defendants took this appeal.

We need not and do not decide (1) whether the verdict of the jury was against the weight of the evidence, or (2) whether plaintiff's doctors were negligent in not previously discovering and advising plaintiff of the disc injury which they subsequently discovered. We need not decide these questions because the above-recited release, which plaintiff executed, bars his recovery and requires the entry of a judgment n.o.v.

The above-quoted general and specific release of all claims, demands and actions for bodily injuries could not possibly be clearer or more specific, or more completely all-inclusive and all-embracing. There was no fraud or duress or deception by defendants, and plaintiff was advised by and relied upon his own doctors' diagnosis of his injuries. This particular release was not only general and specific as to the accident but, we repeat, it released the defendants "from all claims, demands, damages [and] actions . . . on account of . . . bodily injuries or death resulting or to result from [this] accident . . . *of every nature and kind whatsoever,* and releases claims *that are known and unknown, suspected and unsuspected.*" If such a release can be nullified or circumvented, then every written release and every written contract or agreement of any kind, no matter how clear and pertinent and all-inclusive, can be set aside whenever one of the parties has a change of mind or whenever there subsequently occurs a change of circumstances which were unforeseen, or there were after-discovered injuries, or the magnitude of a releasor's injuries was unexpectedly increased, or plaintiff made an inadequate settlement. It would make a mockery of the English language and of the Law to permit this release to be circumvented or held to be nugatory.

We have reviewed all the pertinent authorities cited and all the contentions made by plaintiff and find none of them are apposite or aid the plaintiff.

Judgment reversed, and judgment is here entered for defendants non obstante veredicto.

Mr. Justice COHEN and Mr. Justice EAGEN concur in the result.

Mr. Justice MUSMANNO dissents.

Mr. Justice JONES took no part in the consideration or decision of this case.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

To invalidate this release, appellee must demonstrate that at the time of signing both parties were laboring under a mutual mistake of fact. See *Vrabel v. Scholler,* 369 Pa. 235, 85 A. 2d 858 (1952) ; 5 Williston, Contracts §1578 (Rev. ed. 1937). He fails because the relevant mistake was not mutual but rather, if mistake there be, it was appellee's alone. Clearly, appellants bargained for a release from liability for all injuries, present or future, known or unknown, suspected or unsuspected. The extent of appellee's injuries was not relevant vis-a-vis appellants other than as a basis for the settlement figure. Once this figure was agreed upon, appellants contracted for and received a release covering all injuries without regard to the time at which they might become evident. I therefore conclude that appellants are entitled to a judgment n.o.v., and concur in the majority's result.