**Commonwealth v. Saunders**

*Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth.

*Daniel F. Carn,* for defendant.

ATKINS, P. J., March 8, 1972.—Defendant, Ronald W. Saunders, was indicted in seven different bills all docketed to the above number and term. All of these charges grew out of a series of events involving the same people beginning near Cockeysville, Md., at about 11:30 p.m., July 31, 1971, and terminating in Hopewell Township, York County, about 6:30 a.m., August 1, 1971.

In the first bill, defendant is charged with four counts: 1. rape; 2. assault with intent to ravish; 3. aggravated assault and battery; 4. assault and battery. The second bill contains the same four counts alleged to have happened about two hours after the incident on which the first count was based. The third bill charges oral sodomy. The fourth bill charges a second incident of oral sodomy. These acts were alleged to have occurred with Karen French at 2:30 a.m. and 4:00 a.m. on August 1, 1971. Bill no. 5 alleges simple assault upon Colin Campbell. The sixth bill alleges simple assault and battery upon Howard Almony. Bill no. 7 charges the pointing of a .32 caliber revolver at Karen French, Howard Almony and Colin Campbell.

A demurrer was sustained to the counts of aggravated assault and battery in bill no. 1, and to all of the counts in bill no. 2.

Defendant stands convicted by the jury as follows: In bill no. 1, rape; in bill no. 3, sodomy; in bill no. 4, sodomy; in bill no. 5, assault and battery; in bill no. 6, assault and battery; and in bill no. 7, pointing a deadly weapon.

Motions in arrest of judgment and for a new trial were filed by defendant's privately retained trial counsel, who withdrew from the case after the motions were filed and after the permission of the court and defendant stated in open court. The motions were argued by subsequently retained private counsel who did not participate in the trial.

The motion in arrest of judgment alleges: "The evidence was insufficient to sustain the verdict of the jury on the charges of assault and battery in that there was no testimony presented that the defendant had committed such crimes in Pennsylvania." The motion for a new trial alleges the usual three reasons; namely, that the verdict was against the evidence, the verdict was contrary to the facts and the evidence, and the verdict was contrary to the law. In addition to these, the following motions are alleged:

"4. The Court committed error in admitting the testimony concerning alleged perverted acts which witnesses Almony and Campbell were allegedly forced to perpetrate upon each other. Said testimony was irrelevant, immaterial and inflammatory and prejudicial.

"5. The Court erred in not permitting counsel to cross-examine witness Campbell as to prior inconsistent statements made at the preliminary hearing of this matter.

"6. The Court committed error in permitting testimony as to alleged crimes which were committed outside the jurisdiction of the Commonwealth of Pennsylvania."

One Ray R. Waltimyer was charged in separate bills with substantially the same offenses as Saunders. Those offenses also grew out of the same series of acts in which Sunders and Waltimyer jointly participated.

Both defendants were tried together and each was represented by separate privately retained counsel. Although Waltimyer was convicted of nearly all of the offenses charged against him, and post trial motions were filed on his behalf, his case is not now under consideration since he appeared in court with his counsel and withdrew his motions. This is mentioned only because it will be necessary to recite some of the facts which will include references to Waltimyer.

Since counsel has not argued any of the first three reasons alleged in the motions for a new trial and very frankly stated at the time of oral argument that he was not pressing them, we are spared the task of reciting in detail the sordid and depraved conduct of Saunders and Waltimyer on the night of July 31, 1971. In order that the discussion of the other reasons be understood, we will very briefly give the history of these people as it occurred that night.

Karen French, age 16; Howard Almony, age 18; and Colin Campbell, age 17, were walking along the highway near Cockeysville, Maryland, at about 11:30 p.m. on the night of July 31, 1971. Ray Waltimyer was driving his car toward Cockeysville with Ronald Saunders as a passenger. Waltimyer stopped the car and offered the three young people a ride to Cockeysville. They accepted the offer. Waltimyer drove through the town without stopping, proceeded to Interstate Route 83, and started to drive north into Pennsylvania. On the way it became evident that the two men had a gun. In fact, at one time it was fired out of the window of the car. The car was ultimately stopped near a barn in Hopewell Township, York County, Pa. Waltimyer took Karen French into the barn where she submitted to his demand for sexual intercourse. When she refused, he suggested that Saunders, who

was outside with the boys, would shoot them. Under this threat, she submitted to Waltimyer.

While Waltimyer and Karen were in the barn, Saunders turned the gun on the boys and while holding the gun, compelled them to commit oral sodomy in succession with each other. When Waltimyer and Karen came out of the barn, Waltimyer took the gun from Saunders. Saunders then entered the barn with Karen where by threats similar to Waltimyer's, forced her to engage in sexual relations with him. After this intercourse, Saunders compelled her to commit oral sodomy upon him.

They then left the barn and everyone got into the car. They drove some distance to a point that has not been specifically identified. The car was stopped. The boys were told to get out of the car and leave. This they did. Waltimyer went to sleep. Then Saunders suggested that he and Karen engage again in intercourse. When she refused this, he had her engage in another act of oral sodomy upon him. Saunders then drove to another location that has been identified as being in Hopewell Township where he got out of the car and lay down on the grass and went to sleep. Waltimyer had previously gone to sleep in the back seat of the automobile. Karen then escaped to a farm house where she aroused a woman who called Karen's father, and the police were notified, and these prosecutions followed.

It is argued strongly that it was an error to permit Almony and Campbell to testify to the fact that when Saunders held the gun on them he compelled them to commit sodomy on each other. The theory of this argument is that evidence of this commission of a crime other than the one for which a defendant is being tried cannot be introduced. It is noted that Saunders was not charged with specific involvement

in this act of sodomy. As a general rule, it is true that where a person is being tried for a criminal offense, it is not permissible to introduce evidence of independent criminal conduct. However, where the criminal conduct has a relation to the offense charged, it is admissible to show motive, guilty knowledge and purpose, and to rebut any inference of mistake or that the act was accidental. See 1 Henry Pa. evidence, sec. 37, and cases there cited.

Here, the act of compelling the boys to commit sodomy on one another was part and parcel of the transaction of the pointing of the gun by defendant Saunders and certainly could be considered by the jury in arriving at a determination as to whether the pointing of the gun was intentional or accidental.

The fifth reason was neither briefed nor argued. In any event, it is devoid of merit. The attempted crossexamination had to do with whether there were intoxicating beverages at the party attended by the three prior to the time that they were met by Saunders and Waltimyer. This is wholly irrelevant, particularly where no attempt was made to show that any of these three young people were under the influence of alcohol to any degree.

The sixth reason was neither briefed nor argued, and we considered it abandoned. It likewise is without merit. The whole series of events were part of a continuous course of conduct. In any event, no attempt was made to convict defendant of any crime that occurred outside of Pennsylvania and the jury was specifically told that this could not be done.

In his brief, counsel contends that there is no evidence to show that the charge accusing defendant Saunders with any act of sodomy involving Karen French which occurred in the automobile after the parties left the barn took place within the Common-

wealth of Pennsylvania. There is no question that the act must have been committed within the Commonwealth of Pennsylvania and within the County of York in order for a conviction of the charge to stand. The indictment, of course, alleges that it was committed within the county and there is no testimony that it did occur elsewhere. Counsel does point to some testimony on the part of defendant Saunders that he drove the car for a time and that at one point he said, "I must have went the wrong direction. I came back into Pennsylvania." The law is clear that, "In the absence of uncontradicted evidence to the contrary, the conviction is conclusive, the crime was committed where it was charged to have been done in the indictment, for the verdict includes such a finding."

There is no clear evidence here that the crime was not committed within the Commonwealth of Pennsylvania, and we, therefore, cannot sustain the motion in arrest of judgment as to this charge: Commonwealth v. Lawrence 282 Pa. 128; Commonwealth v. Voci 393 Pa. 404.

The motion in arrest of judgment alleges that no crime of assault and battery was shown to have been committed in Pennsylvania. In his brief, counsel refers specifically to the charge of assault and battery upon Colin Campbell. We agree with this contention, for an examination of the record fails to show any assault and battery on Colin Campbell in the manner charged in bill no. 5.

We accordingly enter this

### ORDER

And now, this March 8, 1972, it is ordered, adjudged, and decreed that the motion for a new trial filed by defendant, Ronald W. Saunders, be and is hereby refused. Judgment upon the verdict in bill no. 5 upon the

person of Colin Campbell is arrested, and as to this bill defendant is discharged.

The Probation Department is directed to prepare a presentence investigation, and defendant is directed to appear before this court on March 20, 1972, at 10 a.m.