564 A.2d 244

**Robert P. LEYDA and Harriet J. Leyda, His Wife, Appellants,**

v.

**Joseph NORELLI, an Individual, Appellee.**

Superior Court of Pennsylvania.

Argued June 8, 1989.

Filed Sept. 18, 1989.

J. Kerrington Lewis, Pittsburgh, for appellants.

Vincent DeFalice, Pittsburgh, for appellee.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting Appellee/Defendant's motion for judgment on the pleadings and dismissing Appellants' suit for damages incurred as a result of an automobile accident.

The basis for the trial court's decision is a release signed by Appellants, Robert P. Leyda, and his wife, Harriet J. Leyda, which released Appellee, Joseph Norelli from any future claims in return for a sum of forty-five hundred dollars ($4500.00). Appellants claim, (1) the release was ineffective because it was not notarized as required by the agreement, and (2), there was a mutual mistake which

vitiated the agreement between the parties. We will discuss the issues in reverse order.

Appellants allege in their complaint that at time the release was signed both parties were under the mistaken impression that Mr. Leyda had suffered only minor injuries as a result of the car accident. Therefore, the payment at that time was a fair and equitable payment for injuries suffered. Appellants further allege that subsequently Mr. Leyda discovered that he also suffered severe injury and damage to the spine, neck and the spinal discs, causing several operations and disc removals, severe injury to his shoulders and limbs, severe injury to his nervous system including spinal cord impingement and decomposition of the spine, paralysis, and complete and total disability. They state that these severe injuries were caused by Mr. Norelli's negligent operation of his auto.

Appellants argue that such unknown injuries which resulted were not within the contemplation of the parties when the release was executed. Therefore, the release should be set aside on the basis of mutual mistake.

■ Although it is clearly established that fraud and mistake are bases for setting aside a settlement agreement or release, *Greentree Cinemas, Inc. v. Hakim*, 289 Pa.Super. 39, 432 A.2d 1039 (1981), it is also established that underestimating damages or making a settlement before damages are accurately ascertained is not considered a mutual mistake of fact. *Emery v. Mackiewicz*, 429 Pa. 322, 240 A.2d 68 (1968); *Bollinger v. Randall*, 184 Pa.Super. 644, 135 A.2d 802 (1957).

■ Here Appellants released Mr. Norelli from all claims arising from all "known and unknown, foreseen and unforeseen bodily and personal injuries,. loss and damage to property." A misjudgment as to the precise nature and extent of injury will not permit rescission of a release agreement which contains the broad language present in this case. See also, *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 561 A.2d 733 (1989).

■   Next, Appellants contend that the release agreement form supplied by Appellee was incomplete and therefore ineffective. The form provides that a Notary Public explain the "nature and legal effect" of the release and notarize the document. However, the form was never notarized, although Appellants signed the document and subsequently received a check for forty-five hundred dollars ($4,500).

The trial court held that failure to notarize the release agreement did not render the release invalid. The Leydas signed the agreement which was witnessed by a single witness and which affirmed that "we have carefully read the foregoing release and know the contents thereof, and we sign the same as our own free acts". It is the role of the court to decide whether the language of the contract is ambiguous, and there is no ambiguity in the general release signed by Appellants. *Vogel v. Berkley*, 354 Pa.Super. 291, 511 A.2d 878 (1986). Therefore the notarization was unnecessary.

■   Furthermore, notarization certifies the fact of execution by a person who purports to be the signer but not any fact beyond that. *Commonwealth v. Frey*, 258 Pa.Super. 288, 392 A.2d 798 (1978). Therefore, the provision in the agreement requiring the notary to explain the release, and certify that the signers understand its contents is invalid. All that a notary may do is certify that the document is executed, and that the notary know that he or she is confronted by the signer, and the signer is asserting the fact of execution. *In Re Bokey's Estate*, 412 Pa. 244, 194 A.2d 194,198 (1963). Had this document been notarized, all that would have been certified was that the document was executed by the signers.

Finally, Appellants argue that because the release was not notarized, it was not executed in accordance with the terms of the agreement between Appellants and Appellee. We disagree.

At the bottom of the page the release states, "If this release is acknowledged before a Notary Public, no witnesses' signatures are necessary." This conditional statement

necessarily implies that notarization is not required under this agreement, and is not a condition precedent to its validity. Thus, by the terms of the agreement itself notarization is not necessary.

We affirm the order of the trial court granting Appellee's motion for judgment on the pleadings.