### Gendreau v. Thompson

*Frank Campese Jr.,* for plaintiff.
*Frederick E. Smith,* for defendant.

LAWRENCE, *J.,* February 3, 1993—Joseph G. Gendreau appeals from this court's order of November 24, 1992 dismissing his complaint against Robert Thompson. No dispute exists as to the following facts. On September 14, 1989, plaintiff was involved in a motor vehicle accident in which his vehicle was struck in the rear by a motor vehicle operated by defendant. At the time of the accident, defendant was insured by State Farm Mutual Automobile Insurance Company. Following the accident, plaintiff presented a claim to State Farm arising out of the accident. On September 29, 1989, plaintiff completed and signed a "report of accident and claim" in which he noted that he was experiencing minor back pain as a result of the accident.

On October 10, 1989, plaintiff executed a property damage release in favor of defendant in the amount of $921. Thereafter, on October 13, 1989, plaintiff executed a release in the amount of $100; the top of this document indicates it is a release for bodily injury. It released defendant from "any and all claims ... of any kind and nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop."

Following the execution of the releases, plaintiff received a check from State Farm in the amount of $1,021, which he understood represented payment of $921 for the property damage to his car, plus an additional $100 for bodily injury.

Plaintiff instituted suit against defendant on October 4, 1990 alleging that defendant's negligent operation of his motor vehicle caused him to suffer permanent physical injuries. Defendant raised the execution of the release as a complete defense to the action.

On June 2, 1992, plaintiff filed a declaratory judgment action requesting the court to declare the personal injury release invalid. He contends that the release was executed under a mutual mistake of fact regarding the extent of his injuries. He maintains that in the middle or end of October 1989, after he had signed the release, he discovered the full extent of his injuries, which he alleges are disc/bulge herniation, traumatic sprains of the muscles and ligaments in the neck and back, leg pain, chronic post-traumatic lumbar disc syndrome with left leg sciatica, chronic post-traumatic lumbar neuritis with associated myofascitis and chronic post-traumatic cervical neuralgia with associated myofascitis. He also claims that as he signed the release without the aid of counsel and in consideration for an inequitable sum, the release should be declared null and void. We unfortunately must disagree.

There is no question that fraud, duress, accident or mutual mistake are bases for setting aside a settlement agreement or release. *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989). In the seminal case of *Emery v. Mackiewicz,* 429 Pa. 322, 240 A.2d 68 (1968), the Supreme Court held that a release which released defendants "from all claims, demands [and] actions ... on account of ... bodily injuries or death resulting or to result from [this] accident ... of every nature and kind whatsoever," as well as claims that are "known and unknown, suspected and unsuspected" could not be declared void or else:

"[E]very written release and every written contract or agreement, no matter how clear and pertinent and all-inclusive, can be set aside whenever one of the parties has a change of mind or whenever there subsequently occurs a change of circumstances which were unforeseen, or there were after-discovered injuries, or the magnitude of a releasor's injuries was unexpectedly increased, or plaintiff made an inadequate settlement." *Id.* at 326, 240 A.2d at 70.

In *Leyda v. Norelli,* 387 Pa. Super. 411, 564 A.2d 244 (1989), our Superior Court was called upon to decide a case almost identical to the one at bar. In that case, appellant entered into a release from all claims arising from all "known and unknown, foreseen and unforeseen bodily and personal injuries, loss and damage to property." Subsequent to signing the release, he discovered that his injuries were much more serious than he originally thought. His primary contention was that such unknown injuries were not within the contemplation of the parties when the release was executed and that, therefore, the release should be set aside on the basis of mutual mistake. The court held that a misjudgment as to the precise nature and extent of injury would not permit rescission of a release agreement which contains the broad language present in this case.

In the instant case, plaintiff executed first a property damage release and later a separate release specifically for bodily injury. He acknowledged that he knew that the payment additional to the property damage sum was compensation for pain and suffering. The bodily injury release contains the same broad language found in *Leyda.*

In *Vermilya v. Nationwide Mutual Insurance Company,* 280 Pa. Super. 504, 421 A.2d 835 (1980), the court expressed concern that undue emphasis was given

to the terminology of the release and insufficient weight was given to an examination of the parties' actual intent.

"[W]e do not believe justice is served by barring an injured party from establishing that, notwithstanding the explicit language of the release, such unknown injuries were not within the contemplation of the parties when the release was executed." *Vermilya, supra* at 511, 421 A.2d at 839.

The court ultimately concluded, however, that such was the dictate of Pennsylvania law:

"As we read *Emery,* however, a plaintiff seeking to set aside a release on the grounds of mutual mistake is foreclosed from introducing evidence relevant to intent where the release expressly covers unknown injuries." *Vermilya, supra* at 511, 421 A.2d at 839.

Even if Pennsylvania law afforded a party the opportunity to challenge the terms of the release agreement, plaintiff in this case cannot establish that the injuries from which he presently suffers were not within the contemplation of the parties when the release was executed. See *Id.* At his deposition, plaintiff stated that although he did not seek medical attention immediately after the accident, he was experiencing back problems at that time and in the second or third weeks of October 1989. As he stated, he had the "onset of muscle spasms" and the "onset of back problems." (N.T. at 9.)

In addition, the court considered the "report of accident and claim," which bore plaintiff's signature and was dated 14 days before he signed the bodily injury release. This documentary evidence contained plaintiff's statement that he was aware of the physical injury of which he now complains.

Further, a letter he wrote to a State Farm adjuster indicated that he had not yet mailed in the bodily injury

release because he was still having back pains. The fact that plaintiff ultimately executed the release containing the broad language previously identified when he was beginning to experience physical injuries resulting from the accident was an error in judgment but one which cannot be remedied in this action. Underestimating damages or making a settlement before damages are accurately ascertained is not considered a mutual mistake of fact. *Leyda v. Norelli,* 387 Pa. Super. 411, 564 A.2d 244 (1989), citing *Emery v. Mackiewicz,* 429 Pa. 322, 240 A.2d 68 (1968); *Bollinger v. Randall,* 184 Pa. Super. 644, 135 A.2d 802 (1957).

Plaintiff also claims that he did not have the benefit of a doctor's evaluation or legal counsel prior to executing the release. Plaintiff does not suggest that he was in any way coerced or rushed into signing the document without the aid of professional opinions regarding his medical condition or the legal import of the releases. State Farm never misrepresented the contents of the releases. It is clear from the evidence presented that plaintiff had the opportunity to consider his decision to sign the bodily injury release and to consult whomever he wished. In the absence of fraud or duress, plaintiff's claim is without merit.

Similarly unpersuasive is the assertion that the release must be declared void on the ground of inadequate consideration. Although $100 may seem a small sum in light of plaintiff's potential future injuries, *Emery* indicates that an inadequate settlement is not sufficient cause to circumvent an otherwise unambiguous release.

Based on the above reasoning, we respectfully request that this court's order dismissing the complaint be affirmed.