**Schultz v. Solar Connection Inc.**

*Kevin J. Dempsey,* for plaintiffs.
*J. Bruce McKissock,* for defendants.

CULLEN, *J.,* January 20, 2009—Pending before the court are the amended motion for summary judgment filed by defendant, Solar Connection Inc., and plaintiffs' cross-motion for partial summary judgment. Both filings focus on the same question—the validity of a release executed by plaintiffs prior to embarking on a hot air balloon ride. Based on the record before it, the court

concludes that the answer to this question requires the resolution of factual issues beyond the scope of summary judgment. Accordingly, both defendant's amended motion and plaintiffs' cross-motion will be denied.

## PROCEDURAL AND FACTUAL HISTORY

Vinessa Schultz and Chester Shultz, plaintiffs, initiated this action by filing a complaint on August 3, 2007. Defendant, Solar Connection Inc., t/a Balloon Flights Daily a/k/a The United States Hot Air Balloon Team, filed an answer and new matter and counterclaim on September 7, 2007. After the pleadings closed, the parties engaged in discovery. Defendant filed a motion for summary judgment on October 15, 2008, and subsequently filed an amended motion for summary judgment on October 29, 2008. On October 31, 2008, plaintiffs filed a cross-motion for partial summary judgment.

Plaintiffs seek compensation for injuries to Mrs. Schultz allegedly sustained as a result of defendant's operation of a hot air balloon in which plaintiffs and others were riding as paying passengers. At the conclusion of the ride, the hot air balloon's pilot selected a landing site. However, upon descent, the pilot realized that the hot air balloon was closer to electrical wires than anticipated. On landing, the pilot instructed all of the passengers to evacuate the basket of the hot air balloon for safety purposes. Mrs. Schultz claims that she suffered injuries to her right knee and foot while jumping from the basket. Her husband is asserting a derivative claim for loss of consortium based on his wife's injuries.

Plaintiffs contend that defendant is liable for the harm they suffered which, they argue, was the direct result of defendant's negligent conduct in operating the balloon. Defendant argues that plaintiffs signed a binding release agreeing, *inter alia*, not to sue or make a claim against defendant for injuries or damages sustained as a result of plaintiffs' participation in hot air ballooning activities. Plaintiffs counter that the document they signed is not a valid release as a matter of law. The parties have submitted arguments in support of their respective positions regarding the validity of the release.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 provides in pertinent part: "[a]fter the relevant pleadings are closed ... any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material facts exist and that the moving party is entitled to judgment

as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubt as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only where the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Wright v. Allied Signal Inc.,* 963 A.2d 511, 514 (Pa. Super. 2008) (citing *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643, 651 (Pa. Super. 2002)).

The purpose of the summary judgment procedure is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Phaff v. Gerner,* 451 Pa. 146, 151, 303 A.2d 826, 829 (1973). The court "must ignore controverted facts appearing only in the pleadings" and restrict its consideration to material "filed in support of and in opposition to the motion for summary judgment" and the "uncontroverted" allegations of the pleadings. *Id.* at 151, 303 A.2d at 830; *Washington Federal Savings & Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986).

In opposing a motion for summary judgment and putting forth his or her evidence, the non-moving party

cannot rest on the allegations or denials in the pleadings. *Rapagnani v. Judas Co.,* 736 A.2d 666, 668 (Pa. Super. 1999). "Rather, the adverse party must identify evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." *Id.* at 668-69.

The facts underlying the parties' positions may be summarized as follows.

Plaintiffs paid defendant $318 for a recreational hot air balloon ride to take place on September 10, 2005. (Compl. at ¶5; compl. exhibit A; ans. ¶5; V. Schultz dep. at 10-11.) On the date of the flight and prior to the ride, defendant's pilot, Stan Hess, approached each of the seven passengers individually and presented a clipboard with a release for each of the passengers to sign. (V. Schultz dep. at 25.) The release was a two-sided document. (Exhibits to def. mot. s.j., exhibit C, "Balloon passenger assumption of risk and release of liability.") The operative terms were on one side and the signature page was on the other. *(Id.)* Plaintiffs were presented the clipboard with the signature page side facing up. (V. Schultz dep. at 26-27.) Plaintiffs printed and signed their names on that signature page. (*Id.* at 28.) Plaintiffs made no inquiry as to what they were being asked to sign. (*Id.* at 25-28; C. Schultz dep. at 7-11.) Plaintiffs do not recall defendant informing them that they were signing a release of liability. (V. Schultz dep. at 27.) Mr. Hess stated that he had no recollection of presenting the release to plaintiffs. (Hess dep. at 39.)

Plaintiffs entered the basket of the hot air balloon which was piloted and controlled by Mr. Hess. (*Id.* at

43.) At the conclusion of the flight, Mr. Hess selected the landing site for the hot air balloon and initiated the descent. (*Id.* at 52.) When Mr. Hess became aware that the landing site he had selected was traversed by electrical wires he informed the passengers, including plaintiffs, that their safety was in danger. (*Id.* at 52-63.) As the hot air balloon neared the ground, Mr. Hess instructed the passengers to get out of the basket. (*Id.* at 62-63.) Once the balloon was on the ground, Mrs. Schultz jumped from the basket and suffered injuries as a result. (V. Schultz dep. at 41, 44-45.)

Mrs. Schultz claims that defendant's negligent operation of the hot air balloon was the cause of her injuries. (Compl. at ¶¶18-21.) Her husband's claim is for loss of consortium based upon the injuries sustained by his wife. (*Id.* at ¶¶22-23.)

In its motion, defendant argues that plaintiffs' claims should be dismissed because they signed a release prior to the hot air balloon ride. Defendant provides three grounds why plaintiffs should have known they were signing a release and not merely providing their names as part of a passenger list. First, defendant argues that even if the side which contained all of the operative language was not presented face up, the signature page which plaintiffs signed contained language sufficient to place plaintiffs on inquiry notice[1] that they were signing

---

1. "Inquiry notice" is defined as "[n]otice attributed to a person when the information would lead an ordinarily prudent person to investigate the matter further." *Cope v. Insurance Commissioner of the Commonwealth,* 955 A.2d 1043, 1055-56 (Pa. Commw. 2008) (citing Blacks Law Dictionary 1091 (8th ed. 2004)).

something with legal significance. (Def. am. mot. s.j. at ¶14.) Specifically, the top of the signature page contained the following language: " *parent/guardian of passengers must sign if under 18 years of age.* "[2] (Exhibits to def. mot. s.j., exhibit C, release.) Second, defendant contends that it explained the release to the passengers prior to signature and has obtained affidavits from three passengers on the same hot air balloon ride as plaintiffs attesting that the document was explained to them in full prior to signing on the day of the flight. Therefore, defendant argues that plaintiffs' contention that the release was not explained to them is false. (Def. am. mot. s.j. at ¶13; exhibits to def. mot s.j., exhibits F-H.) Third, defendant asserts that plaintiffs should have known that a company which takes patrons on a hot air balloon ride would not do so without obtaining signed releases in advance, especially "in this day and age of widespread tort litigation[.]" (Def. am. mot. s.j. at ¶14.)

In response, plaintiffs admit to signing the release, but argue that they were not informed of what they were signing and actually believed the signature page to be a passenger list for the hot air balloon ride. (Pl. br. in opp. to def. am. mot. s.j. at 9-11.) Further, plaintiffs maintain that the release fails as a matter of law because defendants provided no consideration for plaintiffs' execution of the

---

2. Although defendant argues that the quoted language was in a bold typeface, the court notes that the signature page is entirely in a bold typeface. Thus, the fact that the quoted language was in a bold typeface does not have the salient effect which defendant claims. The quoted language does not stand out relative to the other language on the page.

release. (*Id.* at 4, 7-9.) Plaintiffs state that they paid for the September 10, 2005 hot air balloon ride on July 12, 2005, and attached a copy of a receipt. (*Id.* at 7-8; compl. at ¶5; ans. at ¶5.) Therefore, plaintiffs posit that they received no consideration for the release they signed on September 10, 2005. (Pl. br. in opp. to def. am. mot. s.j. at 8.)

Plaintiffs' cross-motion for partial summary judgment sets forth these same arguments why the release is invalid or should be set aside. (Pl. mot. partial s.j. at ¶¶8-14.)

Plaintiffs' contention that the release fails as a matter of law for lack of consideration is without merit. A written release or promise, made and signed by the person releasing or promising, is not invalid or unenforceable for lack of consideration if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound. *Wahsner v. American Motors Sales Corp.,* 597 F. Supp. 991, 998 (E.D. Pa. 1984) (applying Pennsylvania law). Here, the language of the release expressly states in pertinent part:

"*For good and valuable consideration,* the receipt and sufficiency of which the passenger heirs and assigns, hereby forever releases, waives and discharges owner/operator/pilot in command, its officers, employees, directors, and shareholders from all liability to passenger, his/her spouse, legal representative, heirs, and assigns, for any and all loss or damage, and any person or property, even injury resulting in death of passenger, whether

caused by the active or passive negligence of owner/ operator/pilot in command or otherwise, while passenger is participating in the hot air balloon flight, including launch and landing. . . .

"Passenger expressly agrees that this release, waiver, and indemnity agreement is intended to be as broad and inclusive as permitted by the law of the state of which the flight originated, and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full *legal* force and effect. . . ." (Exhibits to def. mot. s.j., exhibit C, release.) (emphasis added)

By virtue of the italicized language above, plaintiffs acknowledged that they received consideration and intended to be legally bound in signing the release. Accordingly, plaintiffs' argument that the release fails as a matter of law for lack of consideration cannot be sustained.

In addition, based upon the record, it appears the parties contemplated an overall transaction, even though it may not have been completed immediately, and not a series of separate transactions. Plaintiffs certainly did not obtain the hot air balloon ride immediately upon payment of the $318 fee. It is obvious that further steps would be required to complete the parties' contract. Which services defendant would provide and under what conditions is not entirely clear.[3] From the information

---

3. For example, was the flight scheduled for September 10, 2005, irrespective of weather conditions on that date and, if so, what did the agreement provide in the event of adverse weather conditions.

presented, one may reasonably conclude that plaintiffs purchased a "package" from defendant, the particulars of which are as yet undefined. It can be said, however, that the parties did not enter into a series of separate transactions and plaintiffs have cited no authority which would allow the court to treat the proffered release as a separate transaction as plaintiffs argue.

The court will now address the issue raised in both the amended motion for summary judgment and the cross-motion for partial summary judgment, *i.e.*, whether the release is enforceable against plaintiffs under the circumstances presented.

Under Pennsylvania law, in the absence of fraud or mutual mistake, a release is enforceable according to its terms. *Roth v. Old Guard Insurance Co.,* 850 A.2d 651, 653 (Pa. Super. 2004). Mutual mistake may be sufficient to set aside a release. *Leyda v. Norelli,* 387 Pa. Super. 411, 413, 564 A.2d 244, 245 (1989). For example, an otherwise enforceable release may be avoided where there was a mutual mistake between the parties as to a past or present fact material to the release, or a misidentification of the parties released. *Price v. Ross,* 339 Pa. Super. 461, 489 A.2d 252 (1985); *Blanchfield v. PennDOT,* 100 Pa. Commw. 62, 513 A.2d 1156 (1986). If the mistake is unilateral instead of mutual, and is not due to the fault of the party not mistaken but rather resulted from the negligence of the one who acted under the mistake, it affords no basis for setting aside a release. *Ford Motor Co. v. Buseman,* 954 A.2d 580, 586 (Pa. Super. 2008).

In the present case, it is clear that there was no mutual mistake. Defendant was aware that the document it presented on the clipboard for plaintiffs and the other passengers to sign was, in fact, a release. However, plaintiffs believed the signature page of the release was a passenger list on which they put their names and signatures upon request by defendant. Viewing the record in the light most favorable to plaintiffs, a genuine issue of material fact exists with respect to whether the sentence at the top of the signature page which states " *parent/guardian of passengers must sign if under 18 years of age* " and the attendant circumstances imposed a duty upon plaintiffs to inquire into the nature of the document which they signed. A jury may find that these circumstances did not trigger a duty to inquire and that the failure to do so did not amount to negligence on plaintiffs' part. Further, a jury may view the recreational activity of riding in a hot air balloon as one which does not necessarily imply a release be executed prior to participation and decide that this additional fact created no duty on the part of plaintiffs to examine both sides of the document presented to them for signature. The court notes that although defendant has obtained affidavits from three of the passengers from the same hot air balloon ride as plaintiffs, each attesting that defendant fully explained the significance of the release prior to the ride, such affidavits may not be dispositive on the issue of whether defendant explained the same to plaintiffs. An explanation of the document as a release of liability to one passenger may not necessarily mean an explanation of the document was given to another. In short, the record is insufficient to warrant the court in finding as a matter of

law that plaintiffs should have known that what they were signing was a release of liability. A jury may conclude, based on all the evidence, that plaintiffs had no duty to inquire into the purpose of the document they signed. Accordingly, defendant's amended motion for summary judgment will be denied.

Viewing the record in the light most favorable to defendant, with respect to plaintiffs' cross-motion, a genuine issue of material fact exists for the same reasons. Whether the sentence at the top of the signature page which states " *parent/guardian of passengers must sign if under 18 years of age* " and the attendant circumstances imposed a duty upon plaintiffs to inquire into the nature of the document which they signed is a matter for the fact-finder. A jury could reasonably find that these circumstances triggered a duty to inquire and that the failure to do so amounted to negligence on plaintiffs' part and, therefore, the release may be valid and binding. Further, a jury could view the recreational activity of riding in a hot air balloon as one which necessarily implies a release be executed prior to participation and determine that this additional fact created a duty on the part of plaintiffs to examine both sides of the document presented to them for signature. The jury may also draw reasonable inferences from the testimony of other passengers concerning the execution of the release.

As with defendant's amended motion, the existence of factual issues precludes a definitive conclusion by the court at this juncture that plaintiffs are entitled to prevail as a matter of law. Accordingly, plaintiffs' cross-motion for partial summary judgment will also be denied.

## ORDER

And now, January 20, 2009, upon consideration of defendant's amended motion for summary judgment and plaintiffs' cross-motion for partial summary judgment, it is ordered that both the amended motion for summary judgment and the cross-motion for partial summary judgment are denied.