## Puckett v. Scannell

*W. Bryan Pizzi, II,* for plaintiff.
*Raymond H. Conaway,* for defendants.

TERPUTAC, *J.*, April 30, 1984 — The issue before the court en banc is whether we should sustain the decision of the trial judge who had held that a general release barred plaintiff's cause of action in trespass for personal injuries.

On July 1, 1981, Roger L. Puckett, plaintiff, was injured when the vehicle he was operating was struck from behind by a van driven by Timothy James Scannell, one of defendants. Since the issue before the trial judge was submitted on a case stated, the facts supporting the decision are undisputed. It is, therefore, conceded that Scannell was negligent in the operation of the van, and that he was driving the vehicle on the business of his employer, Murray Hill Distributing Company. On July 13, 1983, plaintiff received in settlement from State Automobile Mutual Insurance Company, the insurance carrier for the defendants, the sum of $1,314. The draft in payment indicated a division as follows: bodily injury, $735.13; property damage, $578.87.

At the time of settlement with the adjuster for the insurance company, Puckett had sustained personal injuries and the van had been damaged. A dispute arose between Puckett and the adjuster about the damage to the interior of the van. For the exterior of the van the damage estimate was $507.79 and for

the interior the estimate was $735.13. In addition, plaintiff had incurred bills for personal injuries in the amount of $110. After the release was signed and the draft delivered, plaintiff as a result of the injuries sustained additional medical bills in the sum of $6,106.98. To recover for those expenses and pain and suffering, plaintiff filed a complaint in trespass. On the case stated, the question is framed as follows:

Whether plaintiff is bound by the terms of the release and precluded from maintaining an action for personal injuries arising from the accident of July 1, 1981, or whether the release is ineffective due to a lack of consideration.

The release in question is entitled "GENERAL RELEASE" and it recites that it releases and discharges the defendants from "all liability, claims, demands, controversies, damages, actions and causes of action on account of personal injuries, death, loss of services or consortium, property damage and any and all other loss and damage of every kind and nature sustained by or hereafter resulting to the undersigned. . . ." Contending that he never received any consideration whatsoever for his personal injuries, plaintiff asserts the release bars only a claim for property damage and it should not preclude him from making a claim for medical bills and the pain and suffering resulting from the injuries.

According to the depositions both of plaintiff and of the adjuster, when Puckett negotiated for the release he knew he had sustained some personal injuries which required medical treatment. Although the amount of money attributable to the bodily injury claims was equal to the estimate for the damage to the interior of the van, the settlement on the personal injury aspect was for those injuries and two days of lost wages. Since van repair was not cov-

ered under the applicable insurance policy, plaintiff argues he was never paid any money for his personal injuries even though such a notation appears on the draft. To support this contention, plaintiff has pointed to the specific claim and group sheet which sets forth the notation that the interior damage to the van would be marked as bodily injury so that the case could be settled.

Because a release must be supported by consideration, Fedun v. Mike's Cafe, Inc., 204 Pa. Super. 356, 204 A.2d 776, aff'd 419 Pa. 607, 213 A.2d 638 (1964), the court must determine whether the element of consideration had been established. A general release ordinarily releases and discharges all claims and causes of action existing at the time of the execution of the release which were known or within the contemplation of the parties to the release. Powell v. Powell, 244 Pa. Super. 264, 367 A.2d 314 (1976). In Emery v. Mackiewicz, 429 Pa. 322, 240 A.2d 68 (1968), plaintiff had sustained injuries in an accident. Six weeks later he signed a release for $350, the release providing that it was "a full and final release of all claims of every nature." It later happened that he had suffered a ruptured disc. In holding that the release precluded the recovery of further damages for personal injuries, the Supreme Court said:

If such a release can be nullified or circumvented, then every written release and every written contract or agreement of any kind, no matter how clear and pertinent and all-inclusive, can be set aside whenever one of the parties has a change of mind or whenever there subsequently occurs a change of circumstances which were unforeseen, or there were after-discovered injuries, or the magnitude of a releasor's injuries was unexpectedly increased, or plaintiff made an inadequate settlement. It would

make a mockery of the English language and of the Law to permit this release to be circumvented or held to be nugatory. 429 Pa. at 326, 240 A.2d at 70. In the case stated, plaintiff has not alleged or proved fraud or mutual mistake; at the most, this is a matter of a unilateral mistake on the part of the plaintiff. The language in the instant release specifically includes *personal injuries* and *all other loss and damage of every kind and nature sustained by or hereafter resulting to the undersigned.* The language is unambiguous.

Where the language of a contract is clear and unambiguous, the court is reqired to give effect to that language. We see nothing in this matter to justify the modification or invalidation of the release based on lack of consideration or an implication that the plaintiff might have misunderstood the import of the release. The interpretation of a contract is a matter for the court to decide. "The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument." Standard Venetian Blind Co. v. American Empire Insurance Co., _____ Pa. _____, 469 A.2d 563, 566 (1983). Under circumstances here present, the court may not invalidate or modify the plain language of the written release. Vermilya v. Nationwide Mutual Insurance Company, 280 Pa. Super. 504, 421 A.2d 835 (1980), petition for allowance of appeal denied (1980).

The argument that personal injuries were not within the contemplation of the parties at the time of execution of the release is without merit. Both plaintiff and the adjuster knew plaintiff had been injured. Bills for medical expenses were presented to the adjuster prior to the signing. Some, although not all, of the injuries were within the contemplation and discussion of the parties prior to the execu-

tion of the release. In sum, based on submission of the case stated, the trial judge properly held the release validly precluded all other claims for personal injury and property damage.

## ORDER

And now, April 30, 1984, the exceptions of plaintiff, Roger L. Puckett, are dismissed, the order of President Judge Thomas D. Gladden is affirmed, and judgment is hereby entered in favor of defendants, Timothy James Scannell and Murray Hill Distributing Company, and against plaintiff, Roger L. Puckett.