(No. 22246.—

THE CITY OF CHICAGO, Defendant in Error, *vs.* MARIE BRENT, Plaintiff in Error.

*Opinion filed February 23, 1934—Rehearing denied April 10, 1934.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, and MICHAEL L. ROSINIA, (MARK J. MCNAMARA, of counsel,) for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Marie Brent, plaintiff in error, was prosecuted in the municipal court of Chicago for violating section 410 of the revised Chicago code of 1931. She was convicted and fined $200. In default of payment of the fine she was ordered committed to the house of correction. A motion to vacate the judgment was overruled. The trial court certified that the validity of an ordinance is involved and

that in its opinion public interest requires a direct review by this court.

The prosecution was instituted by a complaint signed by J. Corcoran, a police officer. It charged that Marie Brent on November 4, 1932, at the city of Chicago, "did make, aid, countenance and assist in making an improper noise, disturbance, breach of the peace and diversion tending to a breach of the peace, to-wit, was then and there a known prostitute and was found loitering about a public street in the city of Chicago without any lawful means of support and could give no reason for being so found, in violation of section 4210 of the revised Chicago code of 1931." The defendant was not represented by counsel. A jury was waived and the cause was heard by the court. Officer Corcoran testified that he saw Marie Brent, Anna Ross, Gladys Brent and Jean Clark standing before the Jewish church; that they were stopping men coming and going and soliciting them to prostitution; that he had seen them several times on the corner stopping men at about eleven o'clock at night and warned them to stop soliciting; that he knew Jean Clark and Anna Ross and had seen them before; that he saw them all the evening soliciting for prostitution, and that he saw Marie Brent get into an automobile and get out again. At this point Jean Clark said to the court, "Your honor, I went to a movie and I was supposed to meet the girls at Pine Grove and Grace streets." Thereupon the court said, "I told you girls to stay off the North Side." Defendant replied, "You told us to stay out of the loop; we live on the North Side, and I think we have a right to go out on the street sometimes, in our own neighborhood." Thereupon the court said, "I will fine each of you $200 and costs." No further testimony was heard.

The evidence does not show the date of the alleged offense or that the Jewish church is in the city of Chicago. Municipalities have no extra-territorial jurisdiction except

in so far as is expressly or impliedly delegated by statute. (*Strauss* v. *City of Pontiac,* 40 Ill. 301.) In order to establish a case against defendant it was necessary to show that the offense was committed within the limits of the city of Chicago. Proof that it was committed in front of a particular church is not sufficient to establish the venue. Courts do not take judicial notice that a certain locality is within the limits of a certain city. (*Brun* v. *Nacey Co.* 267 Ill. 353.) The testimony is insufficient to support the judgment.

It is unnecessary to consider the other assignments of error.

The judgment of the municipal court is reversed and the cause is remanded.  *Reversed and remanded.*

Mr. JUSTICE SHAW, specially concurring:

I concur in the reversal of this judgment and the reasons therefor but not in that part of the order which remands the cause to the municipal court of Chicago. In my opinion the judgment should be reversed without remanding, for the reason that the complaint states no cause of action and does not charge any crime. The particular allegations of this complaint, even if found in an ordinance of the city of Chicago, (which is not proved,) could not be held to state the commission of a criminal offense under our constitution. There is no standard set up by which it is to be determined who is to be the one to know that the defendant was a prostitute nor any means for judicially ascertaining this fact. This is a clear violation of the due process of law clauses of the State and Federal constitutions. The term "lawful means of support" is vague, indefinite, uncertain and not a proper foundation for a penal ordinance. It is difficult to see why or upon what line of reasoning an ordinance can be sustained which singles out prostitutes from all of the other criminal classes for this kind of special legislation. This court in its present

opinion should point out the invalidity of the ordinance under which this woman has been prosecuted and remove it from the books. Its continued presence and apparent validity can have only the effect of placing in the hands of the public authorities an unlawful club. It is entirely possible to use such an ordinance for the persecution of unfortunate women who are mostly incapable of, and without either the means or intelligence of, defending themselves when arrested and treated in the summary manner shown by this record.