STATE OF NEBRASKA, APPELLANT, v. WESLEY D. BOUWENS, APPELLEE.

92 N. W. 2d 564

Filed October 24, 1958. No. 34449.

*Ralph D. Nelson, Norma VerMaas,* and *Thomas J. Gorham,* for appellant.

*Bartlett E. Boyles, John E. Dean,* and *Emory P. Burnett,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a judgment dismissing a complaint against the defendant for disturbing the peace contrary to an ordinance of the city of Lincoln.

The complaint charged that defendant, on May 23, 1955, within the corporate limits of the city of Lincoln, did unlawfully disturb the peace and quiet of a neighborhood, contrary to the ordinances of the city of Lincoln and against the peace and dignity of the State of Nebraska. The defendant pleaded not guilty. Upon a hearing in the municipal court of the city of Lincoln, defendant was found guilty and fined $25 and costs. Defendant appealed to the district court where, after trial, the complaint was dismissed. The State appealed.

The case, although criminal in form, is a civil action for the collection of a penalty.

The evidence offered at the trial in the court below was wholly contained in a stipulation of facts which was offered and received in evidence. The evidence shows that on May 23, 1955, at about 11 o'clock p. m., defendant was operating a caterpillar tractor, which made a great amount of noise and disturbed the sleep and the peace and quiet of the neighborhood. The stipulation states that five named persons were unable to sleep because of the noise made in operating the tractor, and that upon refusal to desist, defendant was arrested by police officers of the police department of

the city of Lincoln for disturbing the peace and quiet of the neighborhood.

The defendant asserts that the complaint was properly dismissed because the evidence does not show that the alleged offense was committed within the territorial limits of the city of Lincoln. The evidence does not show the venue of the alleged criminal act. Proof of venue is essential to the establishment of the charge. The State contends that the court should take judicial notice that certain streets mentioned in the stipulation are within the territorial limits of the city of Lincoln.

We think the correct rule is stated in People v. Strook, 347 Ill. 460, 179 N. E. 821, wherein the court said: "This court has held that it cannot take judicial notice that certain streets are located in Chicago or anywhere else in Cook county, Illinois. * * * The reasons for the holdings in the foregoing cases are clearly based on the facts that streets of the same name as certain streets of any city of Illinois may be found to also exist in other cities of Illinois or in cities of other States of this country * * *." See, also, Thompson v. State, 89 Okl. Cr. 383, 208 P. 2d 584; City of Chicago v. Brent, 356 Ill. 40, 190 N. E. 97. It is fundamental that venue must be proven as any other essential fact.

The cases cited by the State do not sustain its contention that courts will under all circumstances take judicial notice that named streets or buildings are within the limits of a particular city. A court will take judicial notice of streets, squares, and public grounds thereof, their location, and relation one to another, and the direction in which they run as shown by an official map of a city. Cascio v. State, 213 Ark. 418, 210 S. W. 2d 897. But this does not mean that courts will take judicial notice of streets to prove venue within the city. There are cases holding, also, that where the description of streets or places is such that they could not reasonably apply to any other city or county, such description will be held sufficient to establish venue.

Gates v. State, 160 Neb. 722, 71 N. W. 2d 460; Commonwealth v. Lawrence, 282 Pa. 128, 127 A. 465. But ordinarily the mere reference to streets and addresses in the evidence, standing alone, will not be deemed sufficient to establish venue.

The only reference in the stipulation to the city of Lincoln is the following: "* * * that thereafter, at approximately eleven o'clock p. m., on the same evening, the defendant, Wesley D. Bouwen, was arrested by police officers of the Police Department of the City of Lincoln, for disturbing the peace and quiet of the neighborhood." It is well known that police may make arrests for the commission of crimes committed outside of the territorial limits of a city and its environs. The fact that defendant was arrested by policemen in the city of Lincoln is not proof that the offense was committed within the jurisdiction of the municipal court of the city of Lincoln. People v. Strook, *supra*.

The evidence fails to prove the venue of the offense charged. Such evidence is necessary to the establishment of the offense. The want of such evidence sustains the action of the trial court in dismissing the complaint.

AFFIRMED.