IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. PITTMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
DAVID E. PITTMAN, APPELLANT.

Filed January 13, 2015.    No. A-14-520.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed.

Bernard J. Straetker, Scotts Bluff County Public Defender, for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

David E. Pittman appeals his conviction for possession of a controlled substance and possession of drug paraphernalia in the district court for Scotts Bluff County, Nebraska. On appeal, Pittman challenges only the sufficiency of the evidence to establish that venue was proper in the Scotts Bluff County District Court. We find this appeal to be meritless, and we affirm.

## II. BACKGROUND

Pittman was charged by an amended information with possession of a controlled substance (methamphetamine) and possession of drug paraphernalia. A jury trial was held in April 2014.

At trial, the State adduced evidence from Officer William Howton, the arresting officer. Howton testified that he was a patrol officer with the Scottsbluff Police Department and that his

responsibilities and duties as a police officer in Scottsbluff included "patrol." He testified that on November 30, 2013, he was working and conducted a traffic stop.

Howton testified that he stopped a vehicle in "the alley - would have been the 1400 Block alley between 6th and 7th Av." Howton testified that he made contact with the vehicle's driver and identified Pittman as the driver. He testified to having followed Pittman as he drove "south on 7th Av and . . . stopped at the stop sign on East Overland," and as Pittman traveled "eastbound onto East Overland." Howton testified that he called in the plates on the vehicle and that the plates on the vehicle were registered to a different vehicle, which prompted him to stop it.

Howton testified that after making contact with Pittman and checking Pittman's "driver's license for suspension," he arrested Pittman. Before Pittman's vehicle was towed, Howton conducted an inventory search, during which he found "a blue-zippered pouch," and inside the pouch, he located "a plastic baggie, also, three small ziplock baggies, and a digital scale." He testified that "[o]ne of the baggies contained a crystal-like substance that appeared to be methamphetamine." The State later adduced evidence confirming that the substance inside the baggie was methamphetamine.

Howton testified that after the inventory search was conducted, Pittman "would have been transported [by Howton] to Scotts Bluff County Jail." He testified that he then transferred Pittman's custody to "Scotts Bluff County Corrections Officers." A search of Pittman's person then resulted in the discovery of a "[p]ipe that contained white residue."

Howton also testified that Scottsbluff is located in "Scotts Bluff County, Nebraska."

After the State rested, the court inquired whether Pittman had "any motions." Pittman's counsel responded, "No, your honor."

The jury ultimately returned guilty verdicts on both charges. This appeal followed.

## III. ASSIGNMENT OF ERROR

On appeal, Pittman assigns only one error: "The evidence presented by the [S]tate at trial was insufficient to support the conviction of [Pittman]."

## IV. ANALYSIS

Neb. Rev. Stat. § 29-1301 (Reissue 2008) provides that all criminal cases shall be tried in the county where the offense was committed unless it shall appear to the court by affidavits that a fair and impartial trial cannot be had therein. The Nebraska Supreme Court has held that the State must prove venue beyond a reasonable doubt. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989). Proper venue in a criminal case may be established by circumstantial evidence. *Id.*

The venue of an offense may be proven like any other fact in a criminal case. *Id.* It need not be established by positive testimony, nor in the words of the information; but if from the facts appearing in evidence the only rational conclusion which can be drawn is that the offense was committed in the county alleged, it is sufficient. *Id.*

In this case, the information charging Pittman alleged that he had committed the charged offenses in Scotts Bluff County. In this case, the State never asked Howton whether his stop of Pittman occurred in Scotts Bluff County. Thus, the issue presented on appeal is whether the facts

appearing in evidence are such that the only rational conclusion which can be drawn is that the offense was committed in Scotts Bluff County. We conclude that it is sufficient.

In *State v. Vejvoda, supra*, the defendant was accused of driving under the influence in Hall County, Nebraska. The only evidence adduced by the State to demonstrate that the defendant had committed the alleged crime of drunk driving was the testimony of an officer "of the Grand Island Police Department," who testified that he had been "in the vicinity of 7th and Vine Streets" when he observed the defendant driving while under the influence of alcohol. *Id.* at 670, 438 N.W.2d at 464. The officer "never mentioned the city or county where the events occurred." *Id.* After both sides had rested, the prosecutor realized that the officer had not testified that the events had occurred in Hall County and sought to recall the officer. The court refused, instead responding that it would take judicial notice of the fact that all of the addresses and areas described were within the city limits of Grand Island and wholly within Hall County. The defendant objected and argued in closing arguments that the State had failed to prove venue.

On appeal, the Nebraska Supreme Court was tasked with determining the propriety of the trial court's taking of judicial notice. The Supreme Court ultimately concluded that the trial court could properly take judicial notice that Grand Island was wholly within Hall County and that Grand Island had streets named "Vine" and 7th. The Supreme Court concluded, however, that "[a]t that point the site of the offense was an issue submissible to the trier of fact." *Id.* at 686, 438 N.W.2d at 473. Because the case had been tried to the bench, not to a jury, the Supreme Court ultimately found it to be harmless error for the trial court to have taken judicial notice of the inference that the defendant was driving in Grand Island.

The Supreme Court noted that arrest by a Grand Island police officer did not establish venue to be within Grand Island or Hall County, but held that the officer's "official affiliation as a Grand Island police officer was a circumstance bearing on the issue of venue." *Id.* When combined with other evidence, including the trial court's judicial notice of there being streets within Grand Island consistent with the names of streets testified to by the officer, the Supreme Court concluded that the officer's testimony "supplied a sufficient evidentiary basis for a fact finder's determination" that the offense occurred in Grand Island, Hall County, Nebraska. *Id.*

In *State v. Bouwens*, 167 Neb. 244, 92 N.W.2d 564 (1958), the Nebraska Supreme Court also held that evidence that a defendant is arrested by police officers affiliated with a particular city is not sufficient proof that the offense was committed within that city. In that case, the Supreme Court also recognized that "the mere reference to streets and addresses in the evidence, standing alone, will not be deemed sufficient to establish venue." *Id.* at 247, 92 N.W.2d at 566. In that case, the Supreme Court upheld a finding by the trial court that venue had not been proven by a stipulation of facts that referenced particular street names and indicated that the defendant was arrested by officers of the police department of the city of Lincoln, Nebraska.

In the present case, there was no direct testimony that the offense occurred in Scottsbluff or in Scotts Bluff County. However, Howton testified that he was a patrol officer with the Scottsbluff Police Department and that his responsibilities and duties as a police officer in Scottsbluff included being on "patrol." He testified that on November 30, 2013, he was working when he conducted the traffic stop of Pittman.

As the Nebraska Supreme Court noted in *State v. Bouwens, supra*, it is well known that police may make arrests for the commission of crimes committed outside of the territorial limits

of a city and its environs. For example, as set forth in Neb. Rev. Stat. § 29-215 (Cum. Supp. 2014), law enforcement officers have authority to make arrests outside of their primary jurisdiction in instances of fresh pursuit, when responding to a call in which another officer is in need of assistance, or under a contract pursuant to the Interlocal Cooperation Act or the Joint Public Agency Act. Howton's testimony, however, specifically indicated that he was working as an officer of the Scottsbluff Police Department, on patrol, when he made a traffic stop of Pittman.

Howton also testified that he stopped Pittman's vehicle in "the alley - would have been the 1400 Block alley between 6th and 7th Av.," and a video of the traffic stop was received into evidence. That testimony and evidence demonstrated that this was not a case of pursuit that might have extended beyond the officer's primary jurisdiction, but, rather, a situation where Howton, as a Scottsbluff police officer, made a routine traffic stop while on patrol.

Howton further testified that after the inventory search was conducted, Pittman "would have been transported [by Howton] to Scotts Bluff County Jail." He testified that he then transferred Pittman's custody to "Scotts Bluff County Corrections Officers." Howton also testified that Scottsbluff is located in "Scotts Bluff County, Nebraska."

The totality of this evidence makes the present case distinguishable from the factual scenario presented in *State v. Bouwens, supra*, wherein a stipulation of facts referred to only particular streets and indicated an arrest was made by Lincoln police officers. In that case, there was no additional evidence from which the only rational conclusion which could be drawn was that the offense was committed in Lincoln. In this case, the totality of the evidence demonstrates that Howton was an officer of the Scottsbluff Police Department, was working on patrol when he observed Pittman's vehicle, and stopped Pittman's vehicle after following it for a very short time visible on a video of the stop, and that he then transported Pittman to the Scotts Bluff County jail, within Scottsbluff and Scotts Bluff County. We conclude that the only rational conclusion which can be drawn from this evidence is that Pittman was in Scotts Bluff County when the offenses were committed.

We find no merit to Pittman's assertion on appeal. We affirm.

AFFIRMED.

- 4 -